## Levenger v. Levenger

*Martin H. Philip*, for plaintiff.

*Ellwood D. Shimer* and *James N. Diefenderfer*, for defendants.

HENNINGER, P. J., December 15, 1959.—Plaintiff and defendant, Otto Joseph Levenger, were married June 8, 1930, and lived together as man and wife until at least February 1956. In November 1958, said defendant obtained a divorce from plaintiff in Mexico and on December 7, 1958, he married the other defendant, Marlies L. Levenger, at Stamford, Conn. Defendants are living in Allentown.

In this petition for a declaratory judgment, plaintiff seeks to have us declare void the Mexican divorce and the following Connecticut marriage.

In support of the petition for a declaratory judgment, plaintiff sought the depositions of both defendants, who answered many of the questions but refused to answer others: (1) On the grounds of tendency to incriminate; (2) irrelevancy; (3) not in scope of demand for depositions; and (4) coverture.

We can see that questions relating to the relations between defendants might tend to incriminate them, should we find the Mexican divorce invalid, although

the acknowledgment of the marriage and that the parties are presently living in Allentown probably goes as far toward incrimination as the answer to any of the questions objected to.

We are convinced, however, that plaintiff has no stake in the second marriage and we doubt our right to declare it invalid upon her petition, except as that result might flow from our ruling upon the validity of the Mexican divorce.

We believe, therefore, that Marlies L. Levenger has already answered all relevant questions addressed to her. This avoids the necessity of deciding whether she is incompetent to testify as the wife of defendant. To hold her competent would be to prejudge her marital status, which we may not do at this stage of the proceedings.

Defendant has not pointed out any crimes which might be involved in his action or nonaction in relation to his Mexican residence. We can readily see that if that divorce is invalid, his relations with his present wife might incriminate him. As we have stated above, we consider his later actions irrelevant excepting as they may shed light upon his Mexican intentions. Plaintiff already has upon the record an early marriage and residence in Allentown and New York.

We shall order defendant Otto Joseph Levenger to answer questions nos. 3 to 22 included in the list in the notice of application for an order under Pa. R. C. P. 4019(b), relating to his Mexican residence and of his actions immediately following his divorce, other than his relations with the other defendant, who need answer no further questions.

Now, December 15, 1959, it is ordered and decreed that Otto Joseph Levenger appear and answer all questions relevant to the bona fides of his Mexican residence and divorce, under penalty of being held in contempt of court.